## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**LATROY HAMPTON,**                )
                                   )
           **Plaintiff,**          )
                                   )        **CASE NO.**
**v.**                             )
                                   )
                                   )
**MTC MEDICAL, LLC,**              )
                                   )
           **Defendant.**          )
_____)

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, MTC MEDICAL, LLC ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 1.06 of the Local Rules of the United States District Court for the Middle District of Florida, and Title 28 of the United States Code §§ 1332, 1441, and 1446, hereby files this Notice of and Petition for Removal. Defendant requests that this Court remove the civil action filed by Plaintiff, LATROY HAMPTON ("Plaintiff"), in the Circuit Court of the Seventh Judicial Circuit, in and for Putnam County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. The grounds for removal of this civil action are set forth below.

## I.   <u>INTRODUCTION</u>

On January 5, 2021, Plaintiff filed his Complaint in the Circuit Court of the Seventh Judicial Circuit, in and for Putnam County, Florida, captioned *LaTroy Hampton v. MTC Medical, LLC* ("Circuit Court Case"). The Circuit Court Case was assigned Case Number 21-CA-0001. On March 24, 2021, Defendant was served with the Complaint and Summons. Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the Circuit Court Case are attached to this Notice of and Petition for Removal as **Composite Exhibit A**, as required by 28 U.S.C. § 1446(a) and Rule 1.06 of the Local Rules of the United States District Court, Middle District of Florida.

In his Complaint, Plaintiff seeks relief for alleged violations of the Florida Whistleblower Act, § 448.101, Fla. Stat., *et seq.* ("FWA") (Count I), and the Florida Civil Rights Act of 1992, § 760.01, Fla. Stat., *et seq.* ("FCRA") (Count II). *See* Comp. Ex. A, Compl. at ¶¶ 1, 21-27, and 28-36. Removal to this Court is proper because this action satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a), as complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.

The United States District Court for the Middle District of Florida, Jacksonville Division encompasses the judicial district in which Plaintiff filed his

Complaint. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

This Notice of and Petition for Removal has been filed within 30 days of Defendant's March 24, 2021 receipt of service of the Complaint in the Circuit Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Circuit Court Case.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.    Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332(a)(1), the removing party has the burden of demonstrating (1) complete diversity of citizenship, and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *See Wineberger v. RaceTrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 U.S. Dist. LEXIS 5570, *4 (M.D. Fla. Jan. 16, 2015), *aff'd* 672 F. App'x 914 (11th Cir. 2016).

**B.    The Parties Are Completely Diverse.**

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual is a citizen of the state in which he is domiciled, which is the state where the individual maintains his "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58 (internal quote and citation omitted). In his Complaint, Plaintiff alleges that, "[a]t all times pertinent hereto, [he] has been a resident of the State of Florida." *See* Comp. Ex. A, Compl. at ¶ 3. Accordingly, Plaintiff is a citizen of the State of Florida.

A corporation is deemed a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F.3d 1218, 1220-21 (11th Cir. 2017). Thus, "a party must list the citizenship of all the members of the limited liability company." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendant is a limited liability company organized in the State of Utah and registered to conduct business in the State of Florida. *See* Declaration of Michael Petrogeorge in Support of Defendant's Notice of and Petition for Removal

4

("Petrogeorge Decl."), ¶ 3, attached hereto as **Exhibit B**. Defendant's single member is Management & Training Corporation ("MTC"), which is incorporated in the State of Delaware and has its principal place of business in Centerville, Utah. *Id*. at ¶ 4.

Therefore, Defendant, by and through its member, is a citizen of the States of Delaware and Utah. Since Defendant is not a citizen of the State of Florida, like Plaintiff, Defendant has satisfied its burden of showing that there is complete diversity among the parties. *See Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (finding that a minimal showing of domicile and citizenship supports a finding that diversity exists and removal is proper).

### C.    The Amount in Controversy Exceeds $75,000.[1]

### i.    Legal Standard

In his Complaint, Plaintiff alleges claims for the following categories of damages: (1) back pay; (2) front pay; (3) compensatory damages, including emotional distress and mental pain and suffering; (4) punitive damages under the FCRA; and (5) attorneys' fees. *See* Comp. Ex. A, Compl. at ¶¶ 27, 36 and the "WHEREFORE" clause at p. 7-8. Plaintiff also asserts that "[t]his action involves

---

[1] Defendant does not concede that Plaintiff will prevail in this civil action, or recover the amounts in controversy discussed in this Notice of and Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest." *See* Comp. Ex. A, Compl. at ¶ 2.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. To satisfy its burden on removal, a defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel*, 568 F. App'x at 731 (emphasis added).[2] Further, a district court is permitted to accept the removing

---

[2] Moreover, in determining whether the amount in controversy exceeds $75,000, it must be presumed Plaintiff will prevail on his claim. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (amount in controversy analysis presumes plaintiff prevails on liability).

defendant's specific factual allegations establishing jurisdiction that are supported

with evidence. *See Pretka*, 608 F.3d at 754.

> ## ii.     Back Pay and Front Pay

Should Plaintiff prevail on his claims under the FWA and FCRA, he would

be presumptively entitled to recover damages for back pay, and front pay or

reinstatement. FWA, § 448.103(2)(d), Fla. Stat.; FCRA, § 760.11(5), Fla. Stat.

Plaintiff was employed by Defendant as a Licensed Practical Nurse. *See* Comp. Ex.

A, Compl. at ¶ 6. Plaintiff's employment with Defendant was terminated on or about

April 15, 2019. *See* Declaration of Stephanie Hall in Support of Defendant's Notice

of and Petition for Removal ("Hall Decl."), ¶ 3, attached hereto as **Exhibit C**. At the

time of his termination, Plaintiff's hourly rate of pay was $20.00 and he worked full-

time (40 hours a week). *Id.* at ¶ 4. Accordingly, he would earn approximately

$800.00 per week.

For the purpose of estimating the amount in controversy, the potential back

pay award may be computed from the date of the adverse employment action until

the proposed trial date, less mitigation. *See Gonzalez v. Honeywell Int'l, Inc.*, No.

8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *5 (M.D. Fla. Jan. 17,

2017); *Cashman v. Host, Int'l*, No. 8:10-cv-1197-T-30MAP, 2010 U.S. Dist. LEXIS

123164, *4 (M.D. Fla. Nov. 9, 2010). As such, Plaintiff's alleged back pay damages

can be determined by calculating his lost wages from his last day of employment,

April 15, 2019, through an estimated trial date which, in this case, may be conservatively estimated as April 2022, approximately twelve (12) months from the date of removal (a total of three years). *See Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120/MCR, 2006 U.S. Dist. LEXIS 10174, n.8 (N.D. Fla. Feb. 27, 2006). Accordingly, Plaintiff's back pay damages through an April 2022 trial date would be **$124,800.00**.[3]

In addition, for the purpose of estimating the amount in controversy, the potential front pay award may be computed as the equivalent of one year of lost wages. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *5-*6. Accordingly, Plaintiff would be entitled to **$41,600.00**, if awarded front pay.

While Defendant maintains that Plaintiff should not receive any form of relief in this case, based on his minimum annual salary alone, the potential $124,800.00 back pay damages that Plaintiff put in controversy in this case exceeds the minimum jurisdictional threshold of $75,000. When the potential back pay damages are combined with front pay damages, the wage-based damages at issue in this case total approximately **$166,400.00**. Therefore, the amount in controversy requirement is satisfied.

---

[3] Plaintiff's alleged back pay damages calculated through the date of this filing would be **$83,200.00** (two years of back pay damages).

### iii.    Emotional Distress Damages

Plaintiff seeks to recover compensatory damages, including damages for "emotional pain and suffering," "mental pain and suffering," "mental anguish," and "loss of enjoyment of life." *See* Comp. Ex. A, Compl. at ¶¶ 27, 36, and WHEREFORE clause at pp. 7-8. Under the FWA and the FCRA, a prevailing plaintiff may be awarded compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries. *See* FWA, § 448.103(2)(e), Fla. Stat.; FCRA, § 760.11(5), Fla. Stat. The FWA and the FCRA do not cap compensatory damages. *Id.*

When calculating the amount in controversy for compensatory damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at \*7. Further, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Simmons v. Wash. Mut. Fin., Inc.*, No. 8:06-CV-01613, 2007 WL 641101, at \*1 (M.D. Fla. Feb. 26, 2007); *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, \*10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Jury verdict reports in similar actions where compensatory damages were awarded confirm that prevailing plaintiffs can, and

have, recovered awards that satisfy or exceed the jurisdictional threshold in employment cases. *See, e.g., Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000) (upholding jury verdict awarding $150,000 in damages for mental anguish and intangible injuries); *Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional damages awarded).

Accordingly, it is reasonable to conclude that a modest award for compensatory damages of **$20,000 to $30,000** in garden variety emotional distress should be taken into account in calculating the amount in controversy. *See Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J12HTS, 2007 WL 917354, at *6-*7 (M.D. Fla. Mar. 23, 2007) (plaintiff's motion to remand denied where defendant showed amount in controversy met, in part, by reviewing compensatory damage awards in similar cases).

### iv.    Punitive Damages

Under the FCRA, Plaintiff may be awarded punitive damages. § 760.11(5), Fla. Stat. Punitive damages are capped at $100,000. *Id.* Because Plaintiff does not allege or otherwise indicate that he is seeking less than the maximum amount of punitive damages recoverable under the law, it is appropriate for the Court to include

the full **$100,000** amount authorized by the FCRA when calculating the amount in controversy. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-*7.

     **v.**    **Attorney's Fees**

Plaintiff seeks recovery of his attorneys' fees for his claims under the FWA and the FCRA. *See* Comp. Ex. A, Compl. at ¶ 20 and WHEREFORE clause at pp. 7-8. An award of attorney's fees is permitted to a prevailing plaintiff under the FWA and the FCRA. FWA, § 448.104, Fla. Stat.; FCRA, § 760.11(5), Fla. Stat. Because Plaintiff has a statutory entitlement to reasonable attorney's fees if he prevails, the amount of those fees is properly included in calculating the amount in controversy. *See Cohen v. Office Depot, Inc*., 204 F.3d 1069, 1079 (11th Cir. 2000). Attorneys' fees should be calculated through the trial date. *See Mirras v. Time Ins. Co*., 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008) (amount in controversy was satisfied where plaintiff sought $49,413.72 for treatment and care and defendant offered evidence that attorneys' fees would reach at least $28,000 during litigation); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7 (a finding that plaintiff's attorneys' fees through the time of trial would amount to at least $62,500 was reasonable).

Consistent with the case law cited above, Plaintiff's counsel could expend at least 125 hours prosecuting this action, including depositions, written discovery, motion practice, and preparing for and attending a multi-day trial. Even at a

conservative hourly rate of $250, Plaintiff would incur at least **31,250** in attorney's fees.

### vi.     Final Calculation of Amount in Controversy

Based on the above estimates and calculations, Plaintiff's claims for damages for back pay, front pay, compensatory damages, punitive damages, and attorney's fees are estimated to exceed **$317,650.00**. While Defendant vehemently disputes the allegations in Plaintiff's Complaint, including Plaintiff's claims for damages, it is beyond dispute that the amount in controversy exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Middle District of Florida, Jacksonville Division accept the removal of *LaTroy Hampton v. MTC Medical, LLC*, Case Number 21-CA-0001, from the Circuit Court of the Seventh Judicial Circuit, in and for Putnam County, Florida, and direct that the Circuit Court have no further jurisdiction over this action.

DATED this 23rd day of April, 2021.

Respectfully submitted,

By: */s/Lindsay D. Swiger*
Lindsay D. Swiger
Florida Bar No. 0045783
Lindsay.Swiger@jacksonlewis.com
Katherine B. Brezinski
Florida Bar No. 1002924
Katherine.Brezinski@jacksonlewis.com
JACKSON LEWIS P.C.

12

501 Riverside Avenue, Suite 902
Jacksonville, Florida 32202
Telephone:  (904) 638-2655
Facsimile:   (904) 638-2656
Secondary emails:
Sophia.Verneret@jacksonlewis.com
Jacksonville.Docketing@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2021, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Marie A. Mattox, Esq.
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32303
Telephone (850) 383-4800
Facsimile (850) 383-4801
Email: marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

*/s/Lindsay D. Swiger*
Attorney

4821-8275-6325, v. 1