**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LATROY HAMPTON,

    Plaintiff,

vs.

Case No. 3:21-cv-449-MMH-PDB

MTC MEDICAL, LLC,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action in state court by filing a two-count Complaint alleging claims of private whistleblower retaliation and race discrimination. See Complaint (Doc. 3). Defendant removed the action to this Court on April 23, 2021. See Notice of Removal (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See Weiland, 792 F.3d at 1321-23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322-23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each

claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Here, Count II of the Complaint, titled "Race Discrimination," appears to include two separate causes of action, one premised on disparate treatment and the other on a hostile work environment. See Complaint ¶¶ 28-36. In Count II, Hampton asserts a claim of disparate treatment race discrimination against MTC Medical, LLC based on allegations that he was "treated differently than similarly situated employees of Defendants who are white . . . ." Id. at ¶ 30. However, in the same sentence he alleges that he "has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race." Id. Indeed, he further asserts that MTC Medical's "actions and inactions actions [sic] created, perpetuated and facilitated an abusive and offensive work environment . . . ." Id. at ¶ 32. Thus, Hampton appears, at least at first blush, to combine his race disparate treatment discrimination claim with allegations of a hostile work environment.

2

Notably, on a prior occasion, in closely analogous circumstances, the Eleventh Circuit has admonished Plaintiff's counsel that this manner of pleading is improper. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). In light of the foregoing, the Court will permit Plaintiff to file a corrected complaint that sets forth each of his claims for relief in a separate count. See Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement). Thus, if Plaintiff intends to assert a claim for hostile work environment, and can do so consistent with Rule 11, Plaintiff must set forth that claim in a separate count and identify the specific factual allegations on which such claim is based. If Plaintiff does not file a corrected complaint, the Court will treat Count II of the Complaint as asserting only a claim of disparate treatment discrimination. Accordingly, it is

**ORDERED**:

1. Plaintiff may file a corrected complaint consistent with the directives of this Order on or before **May 21, 2021**.[1]

---

[1] The filing of a corrected complaint will in no way effect Plaintiff's ability to file an amended complaint as a matter of right as permitted by Rule 15(a)(1).

3

2. If Plaintiff does not file a corrected complaint, the Court will treat Count II of the Complaint as asserting only a claim of disparate treatment discrimination.

3. Defendant shall respond to any corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure for an amended complaint.

**DONE AND ORDERED** at Jacksonville, Florida on May 6, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record

4